## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN DERR-CARNEY** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. _____** |
| | : | |
| **SONY CORPORATION OF AMERICA;** | : | |
| **SONY GROUP CORPORATION;** | : | |
| **and VOOPOO** | : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, by his undersigned counsel, hereby brings claims against Defendants and alleges as follows:

### PARTIES

1. Plaintiff Justin Derr-Carney is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 112 Main Street, Wormelsdorf, PA 19567.

2. Defendant Sony Corporation of America (Sony America) is a corporation with its headquarters at 550 Madison Avenue, New York, NY 10022.

3. Upon information and belief, Defendant Sony America at all times relevant was authorized to do business in the Commonwealth of Pennsylvania and was and is engaged in substantial comings and business activities in Pennsylvania.

4. Defendant Sony America was and is engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing lithium-ion batteries, including the battery that is the subject of this lawsuit.

1

5.      Defendant Sony Group Corporation (Sony Group) is a foreign corporation with its headquarters at 1-7-1 Konan Minato-ku, Tokyo, 108-0075 Japan.

6.      Upon information and belief, Defendant Sony Group at all times relevant was authorized to do business in the Commonwealth of Pennsylvania and was and is engaged in substantial comings and business activities in Pennsylvania.

7.      Defendant Sony Group was and is engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing lithium-ion batteries, including the battery that is the subject of this lawsuit.

8.      Defendant VOOPOO is a foreign corporation with its headquarters at No.168 Fusheng Rd, Xihu District, Nanchang, Jiangxi, Nanchang, Guangxi Zhuang.

9.      Upon information and belief, Defendant VOOPOO at all times relevant was authorized to do business in the Commonwealth of Pennsylvania and was and is engaged in substantial comings and business activities in Pennsylvania.

10.     Defendant VOOPOO was and is engaged in the business of manufacturing, marketing, testing, promoting, selling, and/or distributing vape pens that contain lithium-ion batteries, including the battery that is the subject of this lawsuit.

11.     Upon information and belief, VOOPOO does not maintain any physical presence in the United States. It has a network of wholly owned subsidiaries in and throughout the United States that work together to sell various products nationwide.

12.     The instant case involves the explosion of a lithium-ion battery and the subject battery, and other similar/identical batteries, was advertised, marketed, sold, distributed, and placed into the stream of commerce through the engagement of the Defendants and one or more

distributors and/or retailers who sell and distribute Defendants' products, including the subject vape pen and battery and similar batteries to consumers.

## VENUE AND JURISDICTION

13.    At all pertinent times, Defendants derived substantial revenue from the sale of products in the Commonwealth of Pennsylvania.

14.    At all pertinent times, Defendants sold products to consumers within this District.

15.    Based on information and belief, Defendants advertise or otherwise promote their business in Pennsylvania.

16.    Based on information and belief, Defendants reasonably expect to be subject to Pennsylvania product liability law.

## FACTUAL ALLEGATIONS

17.    E-cigarettes are battery operated devices that deliver nicotine through flavoring and other chemicals to users in the form of vapor instead of smoke.

18.    E-cigarettes offer doses of nicotine with a vaporized solution.

19.    Generally, electronic cigarettes operate the same way regardless of the model in that they typically consist of at least three (3) component parts: a tank, a battery that works to heat the juices or e-liquid contained in the tank, and an atomizer that converts the liquid into vapor that the user inhales.

20.    The e-cigarette is battery-operated and uses a heating element to produce vapor. Thus, e-cigarettes pose an additional danger: the battery-powered heating element, as well as the battery itself, can and have caused explosions, fires, and serious injury.

21.    In 2017, the United States Fire Administration characterized the "combination of an electronic cigarette and a lithium-ion battery" as a "new and unique hazard" because there is

"no analogy among consumer products to the risk of a severe, acute injury presented by an ecigarette."

22.     Defendants knew or should have known, at all pertinent times hereto, of the risks of their product(s) exploding and causing injury to consumers.

## THE INJURY

23.     Plaintiff Justin Derr-Carney purchased the Voopoo e-cigarette, which contained no warnings, and component parts, including the subject battery, from a store in Pennsylvania. The battery was manufactured by Sony, an N18650.

24.     On October 15, 2019, Plaintiff, an EMT, was working in the back of an ambulance.

25.     Plaintiff had a spare battery for the vaping device in his right pants pocket, and the vaping device itself in his left pants pocket.

26.     Plaintiff put his keys in his right pants pocket, where the spare battery was located.

27.     The ambulance stopped at a red light when, all of a sudden, Plaintiff heard a sizzling noise in his pocket.

28.     The spare battery exploded in Plaintiff's pants pocket.

29.     Plaintiff's pants caught on fire and the ambulance filled with smoke.

30.     Plaintiff put out the flames with his own hand, burning his fingers in the process.

31.     Plaintiff removed his pants to assess the injury.

32.     Plaintiff was taken to Good Samaritan Hospital where a burn expert was called to assess Plaintiff.

33.     Plaintiff's thigh wound was cleaned and he was sent home with Oxycodone.

34.     The following day Justin was seen at Lehigh Valley Burn Center to be treated by specialists.

35.     Lehigh Valley physicians removed his dressing and admitted him immediately.

36.     Plaintiff underwent two surgeries, one to debride the area and one to undertake a skin graft, wherein they used skin from the upper thigh.

37.     Plaintiff was required to stay in bed for three days so the graft had its best chance for working.

38.     Plaintiff stayed in the hospital for over a week.

39.     Plaintiff's nerve endings were burned off, yet Plaintiff experienced phantom pain.

40.     Plaintiff was given muscle relaxers and anxiety medication.

41.     Plaintiff was subsequently treated for depression and anxiety relating to his injuries.

42.     Plaintiff's thigh is still painful to the touch, and he must wear a compression band so his wound area does not rub against his pants.

43.     Plaintiff experiences pain any time the wound area strikes another object.

44.     Plaintiff has been told he will require additional surgery on the wound area to remedy residual neurologic damage.

45.     Plaintiff routinely suffers from sensations of stinging, tingling, and numb pain.

46.     As a result of the explosion, Plaintiff has permanent scars on his ear right thigh that serve as a lifetime reminder of this painful incident.

47.     As a result of the explosion, Plaintiff is left physically and emotionally scarred from his burns.

**COUNT ONE**

**PLAINTIFF v. ALL DEFENDANTS**

**(Products Liability – Strict Liability— Manufacturing Defect)**

48.     Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

49.     At all times pertinent herein, Defendants were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, warranting, wholesaling, supplying, and/or marketing lithium-ion batteries such as the subject battery throughout the United States by means of interstate commerce.

50.     Defendants defectively manufactured the subject battery and made it dangerous, hazardous, and unsafe for its intended use.

51.     Defendants placed the subject battery in the stream of commerce with the knowledge that it would be used without inspecting for dangers or defects. Defendants knew, or should have known, that ultimate users or consumers, such as Plaintiff, would not or could not inspect these products for dangerous conditions, and that the detection of such defects and dangers would be beyond the capabilities of such persons.

52.     At the time of incident, the subject battery was substantially in the same condition as it was when introduced into the stream of commerce by Defendants, and when used in a reasonably foreseeable manner by Plaintiff.

53.     As a direct and proximate cause of the manufacturing defect, Plaintiff suffered severe injuries.

54.     The above referenced conduct of Defendants, and each of them, was and is willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and

indifference to the safety and health of purchasers, users and consumers of said products, including Plaintiff. Plaintiff, for the sake of example, and by way of punishing Defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, for a sum above the local arbitration limit as set forth herein.

## COUNT II

## PLAINTIFF v. ALL DEFENDANTS

## (Products Liability – Strict Liability—Design Defect)

55.     Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

56.     At all times mentioned herein, Defendants were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, warranting, wholesaling, supplying, and/or marketing lithium-ion batteries such as the subject battery throughout the United States by means of interstate commerce.

57.     Defendants placed the subject battery in the stream of commerce with the knowledge that it would be used without inspecting for dangers or defects. Defendants knew, or should have known, that ultimate users or consumers, such as Plaintiff, would not or could not inspect these products for dangerous conditions, and that the detection of such defects and dangers would be beyond the capabilities of such persons.

58.     Defendants manufactured, fabricated, designed, assembled, distributed, and/or sold the subject battery with defects in the design which made it dangerous, hazardous, and unsafe for its intended use.

59.     The subject battery, when sold and distributed by Defendants, was defective and unreasonably dangerous to ultimate users and consumer in, but not limited to, the following ways:

a. The subject battery failed to perform as safely as an ordinary consumer would expect when used in an intended or foreseeable manner;

b. The subject battery was sold in an unsafe, unreasonably dangerous and defective condition such that the battery had an unreasonable propensity to overheat and catch fire during normal and foreseeable use;

c. The subject battery was so in an unsafe and unreasonable dangerous and defective condition such that the batter had an unreasonably dangerous and defective condition such that the battery had an unreasonable propensity to short-circuit and explode during normal and foreseeable conditions;

d. The subject battery was defective due to inadequate, or the absence of, warnings, or instructions to alert users regarding the hazardous conditions described herein and to provide instructions on safe use.

60.     The risk of danger in the design of the subject battery outweighed any benefits of the design. Safer, alternative designs were available at the time Defendants manufactured, fabricated, designed, assembled, labeled, packaged, supplied, distributed, and/or sold the subject battery.

61.     At the time of incident, the subject battery was substantially in the same condition as it was when introduced into the stream of commerce by Defendant, and when used in a reasonably foreseeable manner by Plaintiff.

62.     The above-described defects in the subject battery were the proximate cause of the Plaintiff's injuries.

63.     The above referenced conduct of Defendants, and each of them, was and is willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of purchasers, users and consumers of said products, including Plaintiff. Plaintiffs, for the sake of example, and by way of punishing Defendants, seek punitive damages according to proof.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, for a sum above the local arbitration limit as set forth herein.

## COUNT III

## PLAINTIFF v. ALL DEFENDANTS

## (Products Liability – Strict Liability – Failure to Warn)

64.     Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

65.     Defendants knew or should have known that the subject battery would be used in the manner used by Plaintiff.

66.     In researching, testing, designing, manufacturing, labeling, selling, distributing, advertising, promoting, marketing, servicing, and/or supplying the subject battery, Defendants knew, or should have known, that there was a high risk of injury or death resulting from the use of the subject battery in a reasonably foreseeable and intended manner.

67.     Defendants were aware that ultimate users and consumers, such as Plaintiff, had no knowledge or information indicating that the subject battery had a high risk of injury or death when used in a reasonably foreseeable and intended manner.

68.     Defendants knew that ultimate users and consumers of the subject battery would and did assume that it was safe, and that such consumers, like Plaintiff, would not have recognized the inherent risks, or had the ability and requisite knowledge to inspect the subject battery for defects and dangers.

69.     Defendants failed to warn consumers of the risks and dangers of the subject battery in, but not limited to, the following ways:

a. Defendants never warned Plaintiff hat that the subject battery had the propensity to overheat and explode during its foreseeable and expected use;

b. Defendants never warned Plaintiff that the subject battery was not designed to be used with e-cigarettes or personal vaping devices;

c. Defendants never warned Plaintiff that the subject battery lacked critical safety components that are regularly incorporated into other similar batteries.

70.     Upon information and belief, the aforementioned conduct of Defendants was motivated by Defendant's financial interests. In pursuance of said financial motivation, Defendants consciously disregard the safety of ultimate users and consumers, like Plaintiff, of said products.

71.     Defendant's failure to warn Plaintiff of the above referenced known defects and dangers of the subject battery was the proximate cause of Plaintiffs' injuries and damages.

72.     The above referenced conduct of Defendants, and each of them, was and is willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and

indifference to the safety and health of purchasers, users and consumers of said products, including Plaintiff.

73.     Plaintiff, for the sake of example, and by way of punishing Defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, for a sum above the local arbitration limit as set forth herein.

**COUNT IV**

**PLAINTIFF v. ALL DEFENDANTS**

**(Products Liability – Negligence)**

74.     Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

75.     Upon information and belief, and at all times herein mentioned, Defendants and each of them, negligently, recklessly and carelessly manufactured, fabricated, designed, assembled, distributed, sold, inspected, warranted, labeled, marketed and advertised the subject battery that it was dangerous and unsafe for their intended and/or reasonably foreseeable use.

76.     Defendants, and each of them, owed a duty to Plaintiff to exercise reasonable care in the design, manufacture, inspection, distribution and/or sale of the subject battery to ensure that the subject battery was safe for their intended and/or reasonably foreseeable use.

77.     Defendants, and each of them, knew or in the exercise of due care should have known that the subject battery would be used without inspection in an unreasonably dangerous condition and would create a foreseeable risk of harm to users.

78.     Defendants, and each of them, were under a duty to properly and adequately instruct, warn and/or sell the subject battery in a reasonably safe condition as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with it, including Plaintiff.

79.     Defendants, and each of them, failed to exercise the amount of care in the design, manufacture, inspection, distribution, and sale of the subject battery that a reasonably careful manufacturer, designer, supplier or seller would have used in similar circumstances to avoid exposing others to a foreseeable risk of harm.

80.     Defendants, and each of them, knew or reasonably should have known that the subject battery was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner. Defendants, and each of them, knew or reasonably should have known that ordinary users, like Plaintiff, would not realize the hazards and risks posed by the subject battery.

81.     Upon information and belief, at the time of the incident, Plaintiff was not aware that the subject battery presented any risk of injury to him or his family, and had not been advised or informed by anyone that the subject battery could explode or otherwise posed a risk to his health and safety.

82.     Defendants, each of them failed to adequately warn purchasers, consumers, and end users, including Plaintiff, about the severe hazards posed by the subject battery and/or instructed on the safe use of such products. A reasonable manufacturer, distributor, designer, supplier, or seller under the same or similar circumstances would have warned of the dangers posed by the subject battery or instructed on the safe use of the subject battery.

83.     Defendants, and each of them, negligently provided incorrect and/or inadequate recommendations, advice, and instruction to Plaintiff regarding the combination and compatibility of the subject battery and its use.

84.     Defendant's negligence was the proximate case of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, for a sum above the local arbitration limit as set forth herein.


### COUNT V

### PLAINTIFF v. ALL DEFENDANTS

### (Breach of Implied Warranty of Merchantability)

85.     Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

86.     Because of the inherent design defects, the subject battery is not fit for the ordinary purpose for which it is used.

87.     Because the subject battery is not fit for the ordinary purpose for which it is used, Defendants' sale of the same breach the implied warranty of merchantability.

88.     Any attempts by Defendants to disclaim the implied warranty of merchantability were unconscionable because to the extent the disclaimers were made, they were made with full knowledge of the inherently dangerous defect encumbering each battery.

89.     Specifically, Defendants withheld information regarding the inherently dangerous condition of the lithium-ion batteries, including the subject battery. The Defendants created a one-sided condition herein they knew Plaintiff was presuming its decision to purchase the goods

subject to flawed and incomplete information, resulting in unfair surprise to Plaintiff when he eventually learned of the inherently dangerous nature of the batteries.

90.     Plaintiff suffered personal injury as a result of Defendants' breach.

91.     But for Defendants' breach of implied warranty of merchantability, Plaintiff would not have suffered the damages articulated herein.

92.     Defendant's breach was the proximate cause of Plaintiffs' injuries and damages.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, for a sum above the local arbitration limit as set forth herein.

## COUNT VI

## PLAINTIFF v. ALL DEFENDANTS

## (Violation of the Magnuson-Moss Act)

93.     Plaintiff incorporates the preceding paragraphs by reference as if fully stated herein.

94.     The subject batteries are "consumer products" as defined in 15 U.S.C. § 2301 (1).

95.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

96.     The Defendants are "suppliers" and "warrantors" as defined in 15 U.S.C. § 2301 (4) and (5).

97.     The defective battery's implied warranties are covered under 15 U.S.C. §2301(7).

98.     The Defendants breached implied warranties by:

(a) designing, manufacturing, and selling to Plaintiff, defective and unsafe batteries;

(b) providing lithium-ion batteries that are not merchantable and not fit for their ordinary purpose of safely using an e-cigarette because the batteries present an unreasonable risk of thermal runaway and explosions; and

(c) not incorporating safety measures to eliminate the identified defects.

99.     At the time Defendants manufactured, sold, distributed, and/or placed the batteries into the stream of commerce, Defendants knew or should have known that the batteries had an inherently defective design that posed a unique risk of catching fire, thermal runaway, and/or explosion.

100.     Defendants breached their implied warranty of the merchantability by selling, manufacturing, distributing, supplying, and/or placing into the stream of commerce the defective battery and failing to replace the defective battery within a reasonable time and without charge.

101.     The Defendants' breach was the proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, for a sum above the local arbitration limit as set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, and each of them, individually, jointly and severally and requests compensatory damages, together with interest, cost of suit, attorneys' fees, and all such other relief as the Court deems just and proper as well as:

a.   Compensatory damages to Plaintiff for past, present, and future damages, including, but not limited to, pain and suffering for severe and permanent personal injuries sustained by Plaintiff, health and medical care costs, together with interest and costs as provided by law;

b.   Restitution and disgorgement of profits;

c.   Reasonable attorneys' fees;

d.   The costs of these proceedings;

e.   All ascertainable economic damages;

f.   Punitive damages; and

g.   Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**LOPEZ MCHUGH, LLP**

 /s/  Michael S. Katz
Michael S. Katz
Lopez McHugh, LLP
214 Flynn Avenue
Moorestown, NJ 08057
(856) 273-8500
(856) 273-8502 fax

*Attorneys for Plaintiff*

Dated: October 14, 2021